UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CIV-81270-RAR

**TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA**,

    Plaintiff,

v.

**OCEAN REEF CHARTERS, LLC**,

    Defendant.
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REBUTTAL EXPERT

**THIS CAUSE** comes before the Court on Defendant Ocean Reef Charters, LLC's Renewed Motion to Strike Plaintiff's Rebuttal Expert or Limit Testimony [ECF No. 168] ("Motion"). The Court having carefully reviewed the Motion, Plaintiff's Response [ECF No. 176] ("Response"), Defendant's Reply [ECF No. 185], the record, and applicable law, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 168] is **GRANTED IN PART** for the reasons stated herein.

## ANALYSIS

Defendant's yacht, *M/Y My Lady* ("the Vessel") sank during Hurricane Irma while insured by Plaintiff under a $2 million policy. Mot. at 1. Plaintiff denied coverage based on Defendant's alleged breach of the policy's captain and crew warranties. *Id.* Under Florida's anti-technical

statute,[1] this denial is ineffective unless Plaintiff pleads and proves that Defendant's breach increased the hazard that the Vessel would suffer this specific loss. Fla. Stat. § 627.409(2).

Plaintiff filed suit against Defendant in the Western District of New York on September 26, 2017, seeking a declaration that the loss was not covered due to an alleged breach of the captain and crew warranties. Mot. at 2. On Defendant's motion, the Western District of New York transferred the case to this Court on August 31, 2018. *See* [ECF No. 37]. Defendant then filed its answer and counterclaim, alleging breach of contract against Plaintiff for its denial of Defendant's claim in violation of section 627.409(2) of the Florida Statutes. *See generally* [ECF No. 49]. The Court's Pretrial Scheduling Order required Plaintiff to provide Defendant with a list of all expert witnesses and their reports by January 28, 2019. [ECF No. 61] at 5. Plaintiff's timely disclosure listed Capt. Joseph Ahlstrom as a possible rebuttal expert, stating that "Captain Ahlstrom may be called to rebut any testimony that [Defendant] had a full-time professional captain at any relevant time." [ECF No. 106-21] at 1. No expert report was attached. *See id.*

On February 25, 2019, Defendant timely disclosed Capt. Thomas Danti as its expert and produced his report. [ECF No. 106-18] at 1–2. Capt. Danti concluded that (1) Defendant's storm preparations performed by the Vessel's owner met the standard of care for a professional mariner; (2) Defendant's lack of a full-time captain did not increase the hazard that caused the loss of the Vessel; and (3) the main cause of damage was the unforeseeable failure of a mooring pile during the storm. *Id.* Ex. A at 8. On April 1, 2019, Plaintiff mailed Defendant's counsel a rebuttal report from Capt. Ahlstrom, dated March 29, 2019. [ECF No. 106-23].

Defendant has moved to preclude Plaintiff from including Capt. Ahlstrom's testimony in its case-in-chief. Mot. at 4–5. Defendant argues that such exclusion is proper because Plaintiff

---

[1] The Court will more fully address the choice of law issue in its order on the cross-motions for summary judgment in this case. *See* [ECF Nos. 169, 170].

disclosed Capt. Ahlstrom as a rebuttal expert only, not as a primary expert. *Id.* Plaintiff does not deny this. *See generally* Resp. But Plaintiff counters that excluding Capt. Ahlstrom's testimony would unduly prejudice Plaintiff and asks the Court to hold its error harmless under Federal Rule of Civil Procedure 37(c)(1). *Id.* at 3.

Plaintiff invokes its timely disclosure of Capt. Ahlstrom as a potential rebuttal witness to argue that Defendant had plenty of time to depose him as a primary witness. *Id.* at 2–3. The Federal Rules of Civil Procedure exist precisely to eliminate this kind of argument. The judicial system strives for the efficient administration of justice by ensuring that all parties know just how each witness and each piece of evidence will be used—and can plan accordingly. The Court will not fault Defendant for failing to anticipate that Plaintiff would try to advance the testimony of a rebuttal witness for any purpose other than rebuttal.

The parties have each moved for summary judgment. *See* [ECF Nos. 169, 170]. It is well-settled that under Federal Rule of Civil Procedure 26(a)(2)(C)(ii), a party cannot rely on experts designated solely as rebuttal experts in their case-in-chief to avoid summary judgment. *See, e.g.*, *Oakwood Ins. Co. v. N. Am. Risk Servs., Inc.*, No. 18-437, 2020 WL 10456817, at *4 (M.D. Fla. Sept. 22, 2020) ("Oakwood cannot rely on an expert designated solely as a rebuttal expert in its case-in-chief to avoid summary judgment here."); *Daggett v. United States*, Nos. 08-21026, 08-23108, 08-23320, 2010 WL 11553196, at *1 (S.D. Fla. Feb. 4, 2010) ("I agree with the government that under Rule 26(a)(2)(C)(ii) of the Federal Rules of Civil Procedure and Local Rule 16.1.K, the plaintiffs cannot rely on experts designated solely as rebuttal experts in their case-in-chief to try to avoid summary judgment."); *Waste Servs., Inc. v. Waste Mgmt., Inc.*, No. 06-320, 2006 WL 5109230, at *1 (M.D. Fla. Dec. 1, 2006) (disallowing testimony of rebuttal expert on matter on which plaintiff has burden of proof at trial). *See also United States v. Lezcano*, 296 F. App'x 800, 803 (11th Cir. 2008) (upholding district court's refusal to allow a rebuttal expert to testify in the

case-in-chief in a criminal context); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (upholding district court's confinement of rebuttal expert's testimony to rebuttal and disallowing his testimony in case-in-chief); *Berlyn, Inc. v. The Gazette Newspapers, Inc.*, 73 F. App'x 576, 580–81 (4th Cir. 2003) (upholding district court's refusal to consider rebuttal evidence as part of case-in-chief at summary judgment). The present circumstances require the Court to reach the same conclusion in this case.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 168] is **GRANTED IN PART**. Plaintiff may not include Capt. Ahlstrom's testimony in its case-in-chief.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 26th day of October, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**