UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CIV-81270-RAR

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

    Plaintiff,

v.

OCEAN REEF CHARTERS, LLC,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court on Defendant Ocean Reef Charters, LLC's Renewed Motion for Summary Judgment [ECF No. 169] ("Defendant's Motion") and Plaintiff Travelers Property Insurance Company's Motion for Summary Judgment [ECF No. 170] ("Plaintiff's Motion").[1]  Earlier in this litigation, the Court issued an Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment. *Travelers Prop. Cas. Co. Am. v. Ocean Reef Charters, LLC*, 396 F. Supp. 3d 1170 (S.D. Fla. Aug. 26, 2019) ("Prior Order").  Defendant appealed the Prior Order to the Eleventh Circuit, which issued a mandate reversing the Prior Order and remanding the case to this Court for further proceedings. *Travelers Prop. Cas. Co. Am. v. Ocean Reef Charters, LLC*, 996 F.3d 1161 (11th

---

[1] The cross-motions for summary judgment are fully briefed.  Plaintiff responded to Defendant's Renewed Motion for Summary Judgment [ECF No. 188] ("Plaintiff's Response"), and Defendant replied to Plaintiff's Response [ECF No. 190] ("Defendant's Reply").  Similarly, Defendant responded to Plaintiff's Motion for Summary Judgment [ECF No. 186], and Plaintiff replied to Defendant's Response [ECF No. 193].

Cir. 2021) ("Mandate"). The Court having carefully reviewed the Mandate, the parties' written submissions, the record, and applicable law, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion [ECF No. 170] is **DENIED** and Defendant's Motion [ECF No. 169] is **GRANTED IN PART** for the reasons stated herein.

## BACKGROUND

The Court assumes the parties' familiarity with the relevant factual background as exhaustively set forth in the Prior Order, *Travelers*, 396 F. Supp. 3d at 1172–73, and the Mandate, 996 F.3d at 1163–64. Thus, the Court need only provide the procedural posture since the Prior Order was issued.

This case is about whether Plaintiff was justified in denying Defendant's claim under a $2 million insurance policy covering Defendant's yacht *M/Y My Lady* ("the Vessel"), which sank during Hurricane Irma without a captain or crew. Plaintiff seeks a declaratory judgment as to coverage of the Vessel under the policy and recovery of the costs Plaintiff incurred to raise the Vessel. *See generally* Compl. [ECF No. 1]. Defendant counterclaims, also seeking a declaratory judgment as to coverage of the Vessel and recovery of the costs Defendant has incurred in salvaging and storing the Vessel, as well as damages under breach of contract. *See generally* Answer [ECF No. 49]. As the Court noted in its Prior Order, this case turns on choice of law. *Travelers*, 396 F. Supp. 3d at 1174. *Wilburn Boat Co. v. Firearm's Fund Ins. Co.*, 348 U.S. 310 (1955), requires that state law, not federal admiralty law, be applied to interpret a maritime insurance contract in the absence of a judicially established federal admiralty rule on point. *Travelers*, 996 F.3d at 1162. The Court concluded in the Prior Order that a series of Eleventh Circuit cases established a rule that all express warranties in maritime insurance contracts must be strictly construed in the absence of some limiting provision in the contract. *Travelers*, 396 F. Supp.

3d at 1177. The Court found that Defendant breached the warranties in the insurance contract between the parties requiring employment of a full-time captain and crew and consequently released Plaintiff from liability even if compliance with the warranties would not have prevented the loss of the Vessel. *Id.*

On appeal, the Eleventh Circuit issued a thorough opinion denying that it has fashioned the sort of "established and entrenched" rule for warranties specifically covering captain and crew that would overcome *Wilburn Boat*'s default requirement that state law be applied. *Travelers*, 996 F.3d at 1162–64. In the absence of such a rule, the Eleventh Circuit reversed the Court's Prior Order and remanded for further proceedings consistent with Florida law. *Id.* at 1171.

## **LEGAL STANDARD**

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1313 (11th Cir. 2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1311 (11th Cir. 2018) (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Initially, the moving party bears the "burden to demonstrate the basis for its motion, and [it] must identify the portions of the record 'which it believes demonstrates the absence of a genuine issue of material fact.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The movant may meet this burden by demonstrating that the nonmoving party has failed to present sufficient evidence to support an essential element of the case." *Id.* (citing

*Celotex*, 477 U.S. at 322–23).  Provided that the moving party meets its burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact exists.  *Id.* at 1311–12.  The Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party."  *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997) (citation omitted).

## **ANALYSIS**

The Eleventh Circuit, as stated in the Mandate, has not fashioned an established and entrenched rule governing captain and crew warranties, so *Wilburn Boat* requires that the Court apply state law.  *See generally Travelers*, 996 F.3d 1161.  Therefore, Florida law—specifically, the anti-technical provision in section 627.409(2) of the Florida Statutes—governs the analysis here.  Under section 627.409(2), "[a] breach or violation by the insured of a warranty, condition, or provision of a wet marine or transportation insurance policy, contract of insurance, endorsement, or application does not void the policy or contract, or constitute a defense to a loss thereon, unless such breach or violation increased the hazard by any means within the control of the insured."  Fla. Stat. § 627.409(2).  A "hazard" under section 627.409(2) concerns "danger to the insured vessel itself," *Great Lakes Reinsurance (UK), PLC v. Rosin*, 757 F. Supp. 2d 1244, 1258 (S.D. Fla. July 30, 2010), and a causal connection is necessary to prove that the breach "increased the hazard" that resulted in the loss, *Pickett v. Woods*, 404 So. 2d 1152, 1153 (Fla. 5th DCA 1981) (reversing judgment for insurer because breach of policy condition "did not contribute to the accident" as required by section 627.409(2)).  Therefore, if Defendant breached the warranties requiring the employment of a full-time, licensed, and approved captain and at least one part- or full-time crewmember, Plaintiff's denial of Defendant's claim would be justified only if these breaches increased the hazard that the Vessel would suffer loss.

As a threshold matter, the Court renews and incorporates its finding in the Prior Order that Defendant was in breach of the captain and crew warranties when the Vessel sank. *Travelers*, 396 F. Supp. 3d at 1177.  The Court also notes that the Eleventh Circuit, in its plenary review of this case, agreed that Defendant "did not employ a professional captain" or "have any crew onboard" when Hurricane Irma struck the vicinity. *Travelers*, 996 F.3d at 1163.  "Under the law-of-the-case doctrine, the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *Williams v. Morgan*, 478 F.3d 1316, 1321 (11th Cir. 2007) (quotations omitted).  The Court sees no reason to depart from either this general rule or its previous finding, so the only remaining issue is whether Defendant's breaches "increased the hazard" and thus invalidated the policy under section 627.409(2).

Defendant, as the moving party, bears the "burden to demonstrate the basis for its motion, and [it] must identify the portions of the record 'which it believes demonstrates the absence of a genuine issue of material fact.'" *Hornsby-Culpepper*, 906 F.3d at 1311 (quoting *Celotex Corp.*, 477 U.S. at 323).  Defendant "may meet this burden by demonstrating that [Plaintiff] has failed to present sufficient evidence to support an essential element of the case." *Id.* (citing *Celotex*, 477 U.S. at 322–23).  Defendant argues that the discrepancy between the testimony provided by the parties—particularly between that of the parties' expert witnesses—meets this burden.  Def. Mot. at 13.  Defendant proffers the expert testimony and report of Capt. Thomas Danti. [ECF No. 106-18] at 1–2.  Capt. Danti concluded in his report that (1) Defendant's storm preparations performed by the Vessel's owner met the standard of care for a professional mariner; (2) Defendant's lack of a full-time captain did not increase the hazard that caused the loss of the Vessel; and (3) the main cause of damage was the unforeseeable failure of a mooring pile during the storm. *Id.* Ex. A at 8.

Defendant's showing shifts the burden to Plaintiff to demonstrate a genuine issue of material fact. *Hornsby-Culpepper*, 906 F.3d at 1311–12. Under section 627.409(2), Plaintiff as the insurer bears the "burden of pleading and proving breach of condition and a resulting increase of the hazard." *Fla. Power & Light Co. v. Foremost Ins. Co.*, 433 So. 2d 536, 536–37 (Fla. 4th DCA 1983). Plaintiff attempts to meet this burden by proffering the expert testimony of its rebuttal witness, Capt. Joseph Ahlstrom, in its case-in-chief to show that Defendant's breaches of the captain and crew warranties caused or contributed to the loss of the Vessel during Hurricane Irma. *See generally* Pl. Resp. However, it is well-settled that under Federal Rule of Civil Procedure 26(a)(2)(C)(ii), a party cannot rely on experts designated solely as rebuttal experts in their case-in-chief to avoid summary judgment,[2] so the Court has excluded Capt. Ahlstrom's testimony from being presented at this phase of the litigation. *See generally* Order Granting in Part Def.'s Mot. to Strike Pl.'s Rebuttal Expert [ECF No. 205].

With Capt. Ahlstrom's testimony excluded, the Court must determine whether Plaintiff's remaining evidence of causation is sufficient for Plaintiff to survive summary judgment. Plaintiff's remaining testimony is from three lay witnesses: its underwriter, its adjuster, and the owner of the Vessel. Def. Reply at 3. These witnesses are not licensed captains. None of the

---

[2] *See, e.g.*, *Oakwood Ins. Co. v. N. Am. Risk Servs., Inc.*, No. 18-437, 2020 WL 10456817, at *4 (M.D. Fla. Sept. 22, 2020) ("Oakwood cannot rely on an expert designated solely as a rebuttal expert in its case-in-chief to avoid summary judgment here."); *Daggett v. United States*, Nos. 08-21026, 08-23108, 08-23320, 2010 WL 11553196, at *1 (S.D. Fla. Feb. 4, 2010) ("I agree with the government that under Rule 26(a)(2)(C)(ii) of the Federal Rules of Civil Procedure and Local Rule 16.1.K, the plaintiffs cannot rely on experts designated solely as rebuttal experts in their case-in-chief to try to avoid summary judgment."); *Waste Servs., Inc. v. Waste Mgmt., Inc.*, No. 06-320, 2006 WL 5109230, at *1 (M.D. Fla. Dec. 1, 2006) (disallowing testimony of rebuttal expert on matter on which plaintiff has burden of proof at trial). *See also United States v. Lezcano*, 296 F. App'x 800, 803 (11th Cir. 2008) (upholding district court's refusal to allow a rebuttal expert to testify in the case-in-chief in a criminal context); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (upholding district court's confinement of rebuttal expert's testimony to rebuttal and disallowing his testimony in case-in-chief); *Berlyn, Inc. v. The Gazette Newspapers, Inc.*, 73 F. App'x 576, 580–81 (4th Cir. 2003) (upholding district court's refusal to consider rebuttal evidence as part of case-in-chief at summary judgment).

three are qualified or competent to testify about whether a captain or crew could have done anything to prevent the loss of the Vessel. Consequently, Defendant's expert testimony of Capt. Danti as to causation is uncontroverted. With no evidence to rebut this testimony, the record is clear that Defendant's breach of the captain and crew warranties did not increase the hazard within Defendant's control.

Defendant's Motion includes additional dispositive grounds for summary judgment, and Plaintiff's Motion also sets forth dispositive grounds for summary judgment in its favor. But because Plaintiff cannot provide the necessary evidence to establish causation regarding hazard—an essential element of its claims—the Court need not reach those grounds. And, for the reasons set forth above, Defendant is entitled to a declaratory judgment in its favor. However, as discussed during the telephonic status conference held on October 26, 2021 [ECF No. 204], certain matters remain unresolved as to Defendant's breach of contract claim.[3] Given the Court's finding that Plaintiff wrongfully withheld coverage under the policy, Defendant is entitled to $2 million—the full coverage amount of the Vessel (which is undisputed, *see* Def. Mot. at 3; [ECF No. 189] ¶ 3) in case of complete loss (which also is undisputed, *see* Def. Mot. at 7; [ECF No. 189] ¶ 23). But amounts pertaining to the costs of salvage, storage, and personal property remain in dispute. The parties have agreed to meet and confer on the issue of damages, other than the cost of the vessel, resulting from Plaintiff's breach of the policy and will report on the progress of their negotiations to the Court as set forth below.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

---

[3] To state a claim for breach of contract under Florida law, a plaintiff must allege "(1) a valid contract[,] (2) a material breach[,] and (3) damages." *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (per curiam).

1) Plaintiff's Motion [ECF No. 170] is **DENIED**.

2) Defendant's Motion [ECF No. 169] is **GRANTED IN PART**.

   a. As to Counts II and III of Defendant's counterclaim [ECF No. 49], the Court finds in favor of Defendant. Defendant's breaches of the captain and crew warranties did not preclude coverage for the loss of the Vessel caused by Hurricane Irma, and the loss is covered under the policy as a matter of law.

   b. As to Count I of Defendant's counterclaim [ECF No. 49], the Court finds in favor of Defendant but notes that there remain disputed issues of material fact regarding the amount of damages.

3) The parties shall meet and confer to discuss the remaining disputed issues of material fact. On or before **November 5, 2021**, the parties shall jointly file with the Court a report on the status of the parties' negotiations regarding the disputed amounts, including salvage, storage, and personal property costs, and whether the parties wish to continue litigating these remaining matters.

4) In light of the parties' continued negotiations, the Calendar Call set for November 16, 2021, and the bench trial set for the Court's two-week trial calendar beginning on November 22, 2021, are hereby **CANCELED**. If the parties do not reach an agreement to resolve the remaining issues, the Court will issue a revised trial schedule.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 26th day of October, 2021.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**